## Chancellor *vs* Milton.

ERROR TO THE MASON CIRCUIT.

*Slaves. Emancipation. Judgments. Evidence.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

TRESPASS.

*Case* 7.

*October* 16.

THE verdict and judgment in favor of the mother should, until reversed, be deemed conclusive proof of the fact that she was a free woman when she instituted her suit for freedom, and should be as conclusive in favor of any child borne by her after that time, as a deed of manumission of the same date could possibly be. But though, in a similar suit by her child, the record of her judgment would always be admissible as evidence of the fact that she had been adjudged free, yet, in the absence of any proof that the child was born after the impetration of her writ, her judgment, though *prima facie* evidence, would nevertheless be inconclusive as to the freedom of such child—because the judgment could not prove *per se*, or as between strangers, that she had never been a slave, and if she had ever been a slave, her emancipation operating prospectively only, could not liberate her child born whilst she was a slave, and which child was therefore born a slave under the operation of the legal rule, *partus sequitur ventrem—Pegram* vs *Isabell,* 2 *H. & M. Va. Reports,* 193.

*In suit for freedom, a verdict & judgment in favor of the mother's right to freedom is conclusive evidence in favor of any child born after suit brought for freedom of the mother; the rule* partes sequitur ventrem, *applies.*

As there was no proof in this case that the defendant in error, who was plaintiff below, was born since the institution of the suit in which the mother was adjudged to be free, the Circuit Judge erred in rejecting evidence tending to show that she had once been a slave, and in instructing the jury that the judgment in her favor was conclusive proof of the freedom of her child, the plaintiff in the action.

*In the absence of proof of the time of the birth of a plaintiff, whose mother's right to freedom is proved by judgment, in a suit for freedom, it is error in the court to instruct the jury that the judgment is conclusive.*

Wherefore, the judgment in this case must be reversed and the cause remanded for a new trial.

*Hord* for plaintiff: *Payne & Waller* for defendant.